UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

CHARLES C. SANMANN,
    Petitioner,

v.                                           Case No.: 4:19cv499/WS/EMT

MARK S. INCH,
    Respondent.
_____/

## REPORT AND RECOMMENDATION

This matter is before the court on Petitioner Charles C. Sanmann's ("Sanmann") second amended petition for writ of habeas corpus under 28 U.S.C. § 2254 (ECF No. 10). Respondent ("the State") moved to dismiss the petition as an unauthorized successive petition (ECF No. 17). The court directed Sanmann to file a response to the motion to dismiss (*see* ECF No. 18), but he has not filed one.

This case was referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district judge regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2(B); *see also* 28 U.S.C. § 636(b)(1)(B), (C). After careful consideration of the filing and attachments presented by the parties, it is the opinion of the undersigned that no evidentiary hearing is required for the disposition of this

matter, and that Sanmann's second amended petition should be dismissed as an unauthorized "second or successive" habeas corpus application.

I.   BACKGROUND AND PROCEDURAL HISTORY

Sanmann challenges a judgment rendered on July 9, 2007, in the Circuit Court in and for Leon County, Florida, Case No. 2006-CF-00973 (ECF No. 10 at 1–2). Sanmann challenged the same state court judgment in a federal habeas action filed in this court in 2012, Case No. 5:12cv357/MMP/GRJ (*see* ECF No. 17 at 3–4, Ex. A). This court dismissed Sanmann's first habeas petition as untimely on November 27, 2013 (ECF No. 17 at 4, Exs. D, E).

II.   DISCUSSION

Federal courts are courts of limited jurisdiction, and may only hear cases where authorized by the Constitution and by statute. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Section 2244 provides, in relevant part:

> **(b)(1)** A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.
>
> **(2)** A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless—
>
> **(A)** the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

> **(B)(i)** the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>
> **(ii)** the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.
>
> **(3)(A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.**

28 U.S.C. § 2244 (emphasis added); *see also* Rule 9, Rules Governing Section 2254 Cases in the United States District Courts (2015) ("Before presenting a second or successive petition, the petitioner must obtain an order from the appropriate court of appeals authorizing the district court to consider the petition as required by 28 U.S.C. § 2244(b)(3) and (4)."). A district court lacks jurisdiction to hear a second or successive § 2254 petition absent authorization from a Court of Appeals. 28 U.S.C. § 2244(b)(3)(A); *Burton v. Stewart*, 549 U.S. 147, 152 (2007) (holding that district court lacked jurisdiction to entertain second habeas petition because prisoner failed to obtain order from court of appeals authorizing him to file it); *Fugate v. Dep't of Corr.*, 301 F.3d 1287, 1288 (11th Cir. 2002) (same).

Here, review of the Magistrate Judge's report and recommendation in Sanmann's first habeas action, which the district judge adopted, demonstrates that Sanmann's 2012 petition qualified as a first petition for the purpose of determining successor status, because it was denied as untimely. *See Patterson v. Sec'y, Fla. Dep't of Corr.*, 849 F.3d 1321, 1325–26 (11th Cir. 2017) ("When his first federal petition was dismissed as untimely, Patterson lost his one chance to obtain federal review of his 1998 judgment. Because Patterson's 2011 petition challenges the 1998 judgment a second time, the district court correctly dismissed it as second or successive.") (citing *Jordan v. Sec'y, Dep't of Corr.*, 485 F.3d 1351, 1353 (11th Cir. 2007)); *see also McNabb v. Yates*, 576 F.3d 1028, 1029–30 (9th Cir. 2009) (holding that dismissal as untimely constitutes merits disposition and renders later petition second or successive); *Murray v. Greiner*, 394 F.3d 78, 81 (2d Cir. 2005); *Altman v. Benik*, 337 F.3d 764, 766 (7th Cir. 2003) (explaining prior untimely petition "counts" to render subsequent petition successive: "[A] statute of limitations bar is not a curable technical or procedural deficiency but rather operates as an irremediable defect barring consideration of the petitioner's substantive claims."). The instant petition thus qualifies as "second or successive" for purposes of § 2244(b)(3).

Sanmann has not alleged or shown that he obtained permission from the Eleventh Circuit to file a second or successive petition. Unless he obtains such permission, the district court may not consider a successive petition.

III. CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." 28 U.S.C. § 2254 Rule 11(a). A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. 28 U.S.C. § 2254 Rule 11(b).

"Section 2253(c) permits the issuance of a COA only where a petitioner has made a 'substantial showing of the denial of a constitutional right.'" *Miller-El v. Cockrell*, 537 U.S. 322 336 (2003) (quoting § 2253(c)(2)). "At the COA stage, the only question is whether the applicant has shown that 'jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further.'" *Buck v. Davis*, — U.S.—, 137 S. Ct. 759, 773 (2017) (citing *Miller-El*, 537 U.S. at 327). The petitioner here cannot make that showing.

Case No.: 4:19cv499/WS/EMT

Therefore, the undersigned recommends that the district court deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." Thus, if there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Accordingly, it is respectfully **RECOMMENDED** that:

1.  The State's motion to dismiss (ECF No. 17) be **GRANTED**.

2.  The second amended § 2254 petition (ECF No. 10) be **DISMISSED for lack of jurisdiction**, pursuant to 28 U.S.C. § 2244(b).

3.  A certificate of appealability be **DENIED**.

4.  The clerk of court enter judgment accordingly and close this case.

At Pensacola, Florida, this 30th day of June 2020.

        /s/ *Elizabeth M. Timothy*
        **ELIZABETH M. TIMOTHY**
        **CHIEF UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**

Case No.: 4:19cv499/WS/EMT